FILED
6/8/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER HENRY RABORG TR , )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CANTOR FITZGERALD FINANCIAL )<br>CORPORATION *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  20-176 (UNA) |

**MEMORANDUM OPINION**

Upon its initial review of the prolix complaint filed *pro se*, ECF No.1, the Court determined that the pleading failed to satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, observing, among other flaws, that the plaintiff had "provided so much material that neither the Court nor Defendants reasonably can be expected to identify [the] claims."  Mem. and Order, ECF No. 6.  The Court granted the accompanying motion to proceed *in forma pauperis* (IFP) and permitted the filing of an amended complaint.  Now before the Court  is the First Amended Complaint, ECF No. 7, which identifies the plaintiff as "an irrevocable express trust" that is "represented by CHRISTOPHER HENRY RABORG TR, ("TRUSTEE")."  *Id.* ¶ 1 (capitalization in original).  In light of this clarification, the Court is compelled to dismiss the case.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"  28 U.S.C. §  1654.  As an artificial entity, a trust cannot proceed in federal court without licensed counsel.  *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121, 2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an

entity such as a corporation, partnership, or trust"); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889 at *2 (D.D.C. May 4, 2015) (a "plaintiff, who is proceeding *pro se*, cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney") (citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)). In addition, an artificial entity cannot proceed under the *in forma pauperis* statute, which provides:

> Subject to subsection (b) [governing prisoner actions], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, *by a person* who submits an affidavit that includes a statement of all assets such [person] possesses . . . . Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that *the person* is entitled to redress.

28 U.S.C. § 1915(a)(1) (emphases added). The Supreme Court has interpreted that provision as applying "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-07 (1993). Accordingly, plaintiff's IFP status will be revoked and this case will be dismissed. A memorializing order will issue separately.

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: June 8, 2020